**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEJANDRO MORALES RAMIRES,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, et al.,<br><br>Respondents. | Civil Action No. 1:26-CV-14931-AK |

**MEMORANDUM AND ORDER ON PETITION OF WRIT OF HABEAS CORPUS**

**ANGEL KELLEY, D.J.**

Petitioner Alejandro Morales Ramirez ("Morales Ramirez") is detained at Plymouth County Correctional Facility under a final order of removal while awaiting removal. He has petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition") to challenge that detention. [Dkt. 1]. Morales Ramirez argues that he is a member of the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185, 198 (D. Mass. 2025), aff'd, 188 F.4th 1 (1st Cir. 2026), whose members are held under 8 U.S.C. § 1226(a). [Dkt. 1 at 10]. In Guerrero Orellana, the First Circuit held that noncitizens who entered the United States without inspection, and who are detained while their removal proceedings are pending, are not "seeking admission" under 8 U.S.C. § 1225(b)(2)(A). Their detention, and their eligibility for release on bond, are therefore governed by § 1226(a). Guerrero Orellana v. Moniz, 188 F.4th 1, 7–8 (1st Cir. 2026). But § 1226(a) governs detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Government opposes, arguing that because Morales Ramirez has a final order of removal, 8 U.S.C. § 1231 governs his detention. [Dkt. 9]. The Court agrees. Because Morales Ramirez is subject to a final order of removal, § 1231 governs his

detention, not § 1226(a), and Guerrero Orellana does not apply. For the reasons below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a native and citizen of Mexico, is not a citizen of the United States. He entered the United States in or around 2012. [Dkt. 9-2]. According to the government, on or about April 22, 2012, an Immigration Judge issued a final order of removal, and on or about April 26, 2012, Petitioner was removed from the United States. [Id.]. Petitioner entered the United States again without inspection sometime in 2013 and has lived here since without documentation. [Dkts. 1, 9-2]. On October 28, 2026, Immigration and Customs Enforcement ("ICE") agents detained Petitioner and served him with a notice of intent to reinstate his 2012 removal order. [1] [Dkt. 9 at 1]. He has remained in custody since. [Id.].

## II. LEGAL STANDARD

28 U.S.C. Section 2241 confers jurisdiction on this Court to order the release of any person who is held in the custody of the United States in violation of the "laws . . . of the United States" or the United States Constitution. 28 U.S.C. § 2241(c). The burden rests on the person in custody to prove his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) (citing Walker v. Johnston, 312 U.S. 275, 286 (1941)).

---

[1] "Congress has created an 'expedited removal process' for noncitizens who reenter the United States unlawfully after having previously been removed." G.P. v. Garland, 103 F.4th 898, 900 (1st Cir. 2024) (quoting Johnson v. Guzman Chavez, 594 U.S. 523, 529–30 (2021)). DHS may reinstate the prior removal order, 8 U.S.C. § 1231(a)(5), and must then remove the noncitizen within the 90-day "removal period," Guzman Chavez, 594 U.S. at 528 (citing 8 U.S.C. § 1231(a)(1)(A)).

## III. DISCUSSION

### A. 8 U.S.C. § 1231 and Zadvydas

Detention of a noncitizen with a final order of removal is governed by 8 U.S.C. § 1231. During the 90-day removal period, detention is mandatory. 8 U.S.C. § 1231(a)(1)(A), (a)(2); Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021). Detention after that period may not be indefinite. It is limited "to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). Six months of detention is considered presumptively reasonable. After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701. A petitioner may bring this challenge in a habeas petition under 28 U.S.C. § 2241. Id. at 688.

Petitioner's removal order became administratively final on October 28, 2026, and he has been detained since then. [Dkt. 9-2]. That period falls well short of the six months the Supreme Court has deemed presumptively reasonable. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Thus, having considered Petitioner's immigration history as described by the government, [See generally Dkt. 9], the Court concludes that Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(2), that the presumptively reasonable six-month period has not expired, and that his removal is reasonably foreseeable.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's writ of habeas corpus [Dkt. 1] is **DENIED**.

**SO ORDERED**.

Dated: November 10, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge